JERRY S. BUSBY
Nevada Bar #001107
COOPER LEVENSON, P.A.
1835 Village Center Circle
Las Vegas, Nevada 89134
(702) 366-1125
FAX: (702) 366-1857
jbusby@cooperlevenson.com

Attorneys for Defendant
SMITH'S FOOD & DRUG CENTERS, INC.

## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| ISELA ARCE, an individual,<br><br>　　　　　Plaintiff,<br><br>vs.<br><br>DOE EMPLOYEE 1, an individual; DOE EMPLOYEE 2, an individual; SMITH'S FOOD & DRUG, CENTERS, INC., a foreign corporation, d/b/a SMITH'S FOOD AND DRUG #371; DOES 3 through 10, inclusive; ROE CORPORATIONS 11 through 20, inclusive; and ABC LIMITED LIABILITY COMPANIES 21 through 30, inclusive,<br><br>　　　　　Defendants. | CASE NO. 2:16-cv-00740-JCM-NJK<br><br>**STIPULATION AND ORDER TO EXTEND TIME FOR DISCOVERY**<br><br>**(SECOND REQUEST)** |

WHEREAS, Plaintiff and Defendant agree that there is still additional discovery to complete in order to be ready for trial;

WHEREAS, Plaintiff and Defendant agree that more time is needed to have their respective medical experts review Plaintiff's medical records and submit or update their expert reports.

A.　**STATEMENT SPECIFYING THE DISCOVERY THAT HAS BEEN COMPLETED.**

1.　The parties participated in the Fed. R. Civ. P. 26(f) conference on May 2, 2016.

2.　Both parties have made their disclosures pursuant to Fed. R. Civ. P. 26.1(a)(1).

3.　Both parties have served and responded to written discovery including interrogatories, requests for admissions, and requests for production of documents.

4.　Defendant has collected the majority of Plaintiff's medical records and anticipates

CLAC 3734831.1

recovering the most, if not all, of the relevant records within the next thirty (30) days.

5. Plaintiff was deposed on September 23, 2016. Plaintiff has noticed the depositions of the following SMITH'S employees to take place on September 30, 2016: Tom Stunek, Maverick Bloom, Judi Bishop, and Tamara Huffer. The deposition of SMITH'S employee Ian Accuria has been re-noticed for October 13, 2016.

6. Plaintiff has retained Jeffrey D. Gross, M.D. as her expert witness. Dr. Gross has submitted his report along with a Life Care Plan. Defendant has consulted with an expert to conduct a medical records review but Defendant's expert is not prepared to provide an opinion due to the fact that counsel are still collecting Plaintiff's *complete* medical records.

**B.    SPECIFIC DESCRIPTION OF THE DISCOVERY THAT REMAINS TO BE COMPLETED.**

In order to set forth the discovery which remains, it is important to advise this Court that this is a complex personal injury case. Plaintiff was involved in two distinct accidents (seven months apart) at the same SMITH'S grocery store. The first accident occurred on January 11, 2014, and the second took place on August 22, 2014. As a result of these two accidents, recent disclosures by Plaintiff's attorney indicate that Plaintiff is alleging damages in "excess of $2,439,655.08, including, but not limited to, past medical expenses, future medical expenses, pain and suffering, loss of enjoyment of life and the like." The fact that there were two separate accidents complicates this litigation. Obviously, there are completely different facts for each accident including different witnesses, different reports and different video. Further, when this case is tried, the finder of fact could decide that Defendant is liable for one of the accidents but not for the other. Thus, it is critical to have medical experts apportion damages between the two accidents in order to have the jury render a proper verdict.

Additionally, Plaintiff has seen approximately 13 health-care providers following the accident. She also treated with her primary care physician, Dr. Paterno Jurani, M.D., at the Jurani Clinic both before and after the accident. Plaintiff has disclosed medical records from Dr. Jurani which seem to refer to treatment Plaintiff received to the same body parts that she is claiming were injured in the accidents involved in this lawsuit *before the accidents concerned herein occurred*. The same records also state that Plaintiff may have been referred to other medical providers, before the

accidents involved herein, for the same injuries claimed in this lawsuit yet the records are silent as the names of these providers.

In addition, counsel for both parties have experienced difficulty in collecting all of the medical records due to the fact that Plaintiff has seen multiple physicians and also due to the fact that Plaintiff is still experiencing medical problems and receiving treatment for conditions that she alleges were caused by the accident. For example, the medical records from the Jurani Clinic were requested on July 6, 2016. Yet the records were not mailed to Defendant until September 22, 2016. Furthermore, the records from the Jurani Clinic are incomplete inasmuch as the records refer to dates of service for treatment without any corresponding record for those dates.

Additionally, Plaintiff's recent disclosures have indicated that Plaintiff will incur *future medical expenses* costing $747,290.20 to $1,377.558.00. As a result, Defense counsel desires to have Plaintiff submit to an Independent Medical Examination *after* Defendant has collected *all* of the pre- and post-accident records so that Defendant's medical expert will be able to give his *final* opinions on causation/apportionment. Conversely, if Defendant's expert (or if Plaintiff's expert/treating physicians) were forced to render opinions based upon incomplete information, it could be detrimental, if not fatal, to the credibility of said expert once complete records are received.

In addition to the discovery set forth above, Plaintiff intends to take the deposition of Defendant employees. In addition, Defendant will identify rebuttal experts including medical experts and Plaintiff may also retain a rebuttal expert. Counsel anticipate that they will want to take the depositions of experts prior to trial. Defendant also plans on taking the deposition of Sohik Demirgian – Plaintiff's friend who was present when the first accident occurred. In addition, Defendant wants to take the deposition of Plaintiff's daughter, Samantha Vasquez, who may have been present at the store for the second accident.

C. **REASONS WHY THE DISCOVERY REMAINING WAS NOT COMPLETED WITHIN THE DEADLINES CONTAINED IN THE AMENDED DISCOVERY SCHEDULING ORDER**

The medical records recovered by the parties to date are voluminous but there are additional pre- and post-accident records yet to be recovered. While Defendant has made efforts to complete this records retrieval process as quickly as possible, some providers have been slower than others to

3

CLAC 3734831.1

respond. However, until additional medical records are recovered, Defendant will not be able to complete discovery and, in particular, will not be in a position to disclose medical experts under the current discovery schedule. The parties are also in the process of scheduling depositions of key witnesses.

### D.   PROPOSED SCHEDULE FOR COMPLETING ALL REMAINING DISCOVERY.

It is requested that all discovery deadlines in this case be continued for 60 days as follows:

1. **Discovery Cut-Off Date:** Based upon the date Defendant filed its Notice of Removal, the parties originally requested 180 days for discovery which resulted in a discovery cut-off date of October 3, 2016; that date was extended to December 2, 2016 by stipulation of the parties. The parties jointly propose that the discovery cut-off date be extended to **January 31, 2017** – approximately 302 days from the date of the filing of Defendant's Notice of Removal.

2. **Amending the Pleadings and Adding Parties:** All motions to amend the pleadings or to add parties were to be done no later than **June 6, 2016**, and the parties are *not* requesting an extension of this deadline.

3. **Fed.R.Civ.P. 26(a)(2) Disclosures (Experts):** Disclosures concerning experts shall be made by **July 5, 2016**, and the parties are *not* requesting an extension of this deadline. Disclosures concerning Defendant's rebuttal experts shall be made by **December 2, 2016 for Defendant and by January 2, 2017 for Plaintiff.**

4. **Interim Status Report:** The parties shall file another interim status report required by LR 26-3 by **November 28, 2016**, which is 60 days before the discovery cutoff date.

5. **Dispositive Motions:** The date for filing dispositive motions shall not be later than **March 2, 2017**, 30 days after the proposed amended discovery cut-off date.

6. **Pretrial Order:** The date for filing the joint pretrial order shall not be later than **April 3, 2017**, 32 days after the cut-off date for filing dispositive motions. In the event that dispositive motions are filed, the date for filing the joint pretrial order shall be suspended until 30 days after decision on the dispositive motions or until further order of the court. In the further event that the discovery period is extended from the discovery cut-off date set forth in this Discovery Plan

CLAC 3734831.1

and Scheduling Order, the date for filing the joint pretrial order shall be extended in accordance with the time periods set forth in this paragraph.

7. **Fed.R.Civ.P. 26(a)(3) Disclosures**: The disclosures required by Fed. R. Civ. P. 26(a)(3), and any objections thereto, shall be included in the joint pretrial order.

8. **Extensions or Modifications of the Discovery Plan and Scheduling Order**: Any stipulation or motion must be made no later than 21 days before the subject deadline. Requests to extend discovery deadlines must comply fully with LR 26-4.

DATED this 27th day of September, 2016.

NETTLES LAW FIRM

/s/ Brian D. Nettles, Esq.
BRIAN D. NETTLES, ESQ.
Nevada Bar # 007462
CHRISTIAN M. MORRIS
Nevada Bar # 011218
1389 Galleria Drive
Las Vegas, Nevada 89134
(702) 434-8282
Attorneys for Plaintiff
ISELA ARCE

COOPER LEVENSON, P.A.

/s/ Jerry S. Busby, Esq.
JERRY S. BUSBY, ESQ.
Nevada Bar # 001107
1835 Village Center Circle
Henderson, Nevada 89014
(702) 366-1125
Attorneys for Defendant
SMITH'S FOOD & DRUG CENTERS, INC.

IT IS SO ORDERED:

_____
UNITED STATES MAGISTRATE JUDGE
DATED: September 29, 2016

5

CLAC 3734831.1